**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:19-cr-559 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| DEEPAK RAHEJA, | ) | |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |

On February 3, 2023, the Court sentenced defendant Deepak Raheja ("Raheja") to a term of imprisonment of 30 months, to be followed by 3 years of supervised release; a $50,00.00 fine; restitution in the amount of $2,163,995.64 (a portion of which would be credited from payments already received from Avanir Pharmaceuticals, Inc., a co-defendant, and Medicare withholding); and a $100.00 special assessment. (Doc. No. 324 (Raheja Judgment); Minutes of Proceedings [Non-Document], 2/3/2023.) The prison sentence was issued pursuant to the terms of an agreement under Fed. R. Crim. P. 11(c)(1)(C), and the amount of restitution was agreed to by the parties at the sentencing hearing. (*See* Doc. No. 294 (Raheja Rule 11(c)(1)(C) Plea Agreement).)

On February 6, 2023, Raheja filed a notice of appeal from the Court's judgment. (Doc. No. 328.) On February 7, 2023, the Court entered an amended judgment containing a breakdown of the restitution. (Doc. No. 330 (Raheja Amended Judgment).) The aggregate amount of the restitution, as agreed to by the parties at sentencing, remained unchanged. (*See id.*)

Now before the Court is Raheja's motion to stay judgment pending appeal. (Doc. No. 345 (Motion).) In his motion, Raheja reports that, on February 6, 2023, he received a notice of intent

by the government to collect the restitution owed, and that, on February 8, 2023, he was informed that his assets have been frozen. (*Id*. at 1–2.) Noting that "[t]he amount of restitution may be an issue raised on [a]ppeal[,]" he requests a stay of his surrender date until after his appeal is finalized. (*Id*. at 2.) The government opposes the motion, in part. (Doc. No. 349 (Response).) The government does not oppose a temporary stay of restitution, suggesting that the funds in question be paid into the Court's registry pending appeal. (*Id*. at 1–2.) It does, however, oppose the issuance of bond pending appeal "as Raheja has failed to prove his entitlement to it." (*Id*. at 2.) On March 9, 2023, the Court held a telephonic conference with counsel to receive clarification regarding amounts that had already been credited to defendant's restitution obligation.[1]

Raheja's motion is governed by 18 U.S.C. § 3143(b), which provides that "the judicial officer shall order that the person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds:

(A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under 3142(b) or (c) of this title; and

(B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—

(i)     reversal,
(ii)    an order for a new trial,
(iii)   a sentence that does not include a term of imprisonment, or
(iv)    a reduced sentence to a term of imprisonment less than the total of time already served plus the expected duration of the appeal process.

---

[1] During the conference, the Court informed counsel that the records from its finance department reflect that there is an outstanding balance of $1,228,460.40—which includes credits for Raheja's payment of the $100.00 special assessment, payments by co-defendant Binder Sawhney and Avanir Pharmaceuticals, Inc., and a withholding from Medicare—still due and owing by Raheja. The attorneys informed the Court that arrangements have been made to unfreeze Raheja's accounts so that the balance of Raheja's restitution payments can be remitted to the Clerk of Courts.

18 U.S.C. § 3143(b).

The Court finds that Raheja has not demonstrated the existence of a substantial question of law or fact that will result in a reversal of his sentence, a new trial, a sentence that does not include a term of imprisonment, or a sentence that would be less than the expected appeal period.[2] Again, the Court emphasizes that Raheja was sentenced pursuant to the terms of a Rule 11(c)(1)(C) agreement, and that the agreement contained an expansive appellate waiver. (Doc. No. 294 ¶ 20.) Moreover, Raheja's vague representation that "[t]he amount of restitution owed may be an issue" on appeal, does not relate to his agreed-upon prison term, and, in any event, does not adequately set forth a substantial issue to be decided on appeal. *See United States v. Terry*, No. 1:10-cr-390, 2011 WL 5008415, at *2 (N.D. Ohio Oct. 19, 2011) (noting that the "mere identification of issues" does not satisfy the "substantial question" requirement of § 3143(b) (citing *United States v. Moore*, 849 F.2d 1474 (table decision), 1988 WL 63191, at *1 (6th Cir. June 16, 1988))).

Accordingly, Raheja's motion to stay judgment and permit him to be remain on bond pending appeal is DENIED. Nevertheless, any further amounts deposited in the Court's registry

---

[2] Additionally, while the Court does not believe that Raheja represents a danger to the community, the Court agrees with the government that he presents a flight risk under § 3143(b). While Raheja notes that he complied with all pretrial conditions of release, now that he has been sentenced to a substantial prison sentence, he has every incentive to flee. Further, as the government outlined in its response, Raheja has the financial resources, the specialized physician skills to earn a comfortable income as a fugitive, and the contacts necessary to avoid this Court's jurisdiction both domestically and abroad. (*See* Doc. No. 349, at 4–5.)

toward Raheja's remaining restitution amount, the balance of which is currently $1,228,460.40, is hereby ordered to be held in escrow until any appeal regarding restitution is resolved.

**IT IS SO ORDERED**.

Dated: March 9, 2023

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

4